J-S80005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYANT DAVIS, | |
| Appellant | No. 1536 EDA 2017 |

Appeal from the Judgment of Sentence Entered April 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005597-2016

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 05, 2019**

Appellant, Bryant Davis, appeals from the judgment of sentence of 11½ to 23 months' incarceration, followed by 15 years' probation, imposed after he pled guilty to possession of a controlled substance with intent to deliver, criminal conspiracy, and carrying a firearm without a license. On appeal, Appellant seeks to challenge the discretionary aspects of his sentence. Additionally, Appellant's counsel, Lawrence J. Bozzelli, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's case were summarized by the trial court in its opinion, and need not be reiterated for purposes of this appeal. ***See*** Trial

Court Opinion (TCO), 8/2/18, at 1 n.1. Appellant pled guilty to the above-stated offenses on February 10, 2017, and was sentenced to the aggregate term set forth, *supra*, on April 11, 2017. Appellant did not file a post-sentence motion; instead, he filed a timely notice of appeal on April 28, 2017.

During the pendency of this appeal, we remanded for the trial court to discern the status of Appellant's legal representation. **See** *Per Curiam* Order, 8/25/17. On December 15, 2017, the trial court appointed Attorney Bozzelli to represent Appellant. Counsel thereafter complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement, setting forth two issues for our review:

1. Did the trial court abuse its discretion when it sentenced [Appellant] to a period of 11½ - 23 months['] incarceration followed by 15 years of reporting probation…[?] There was insufficient reasoning on the record as to why this was an adequate sentence.

2. Did the trial court abuse its discretion when it sentenced [Appellant] to attend parenting classes as a condition of probation where (a) the underlying offenses did not involve harm to minors and (b) there appears to be no justification in the pre-sentence report [that] would give rise for a need for [Appellant] to attend parenting classes?

Rule 1925(b) Statement, 1/9/18, at 1. On August 2, 2018, the trial court issued a Rule 1925(a) opinion explaining why Appellant's issues are meritless.

On August 16, 2018, Attorney Bozzelli filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, discussing the above-stated issues and concluding that they are

frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked

- 3 -

by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Bozzelli's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Bozzelli also states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

Appellant's two issues involve challenges to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved

- 4 -

at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

In the case *sub judice*, we must deem Appellant's issues frivolous because, as Attorney Bozzelli acknowledges in his **Anders** brief, Appellant's prior counsel failed to file a post-sentence motion preserving his sentencing claims for our review. **See Anders** Brief at 11. "It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court." **Commonwealth v.**

***Bromley***, 862 A.2d 598, 603 (Pa. Super. 2004) (citations omitted).[1]

Additionally, our review of the record reveals no other, non-frivolous issues that Appellant could raise herein. Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19

_____

[1] The Commonwealth agrees that Appellant's sentencing claims are waived. ***See*** Commonwealth's Brief at 9-10. It candidly notes, however, that it disagrees with the trial court's imposition of a 15-year probationary sentence, contending that such a lengthy term is not "the most effective means of achieving the court's explicit goal of rehabilitation" for Appellant. ***Id.*** at 11. According to the Commonwealth, "a shorter period [of probation] would have sufficed to assure the court that [Appellant] was capable of continuing his recovery without government supervision." ***Id.*** at 12. Nevertheless, as the Commonwealth acknowledges, Appellant's only possible recourse for challenging the discretionary aspects of his sentence is to file a petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking the restoration of his post-sentence motion and direct appeal rights based on the ineffectiveness of his trial counsel for not preserving this, and his other, sentencing claims. ***Id.*** at 10.